# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CR34 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CALVIN JACOBS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on motions to quash subpoenas served on behalf of the defendant Calvin Jacobs (Jacobs) (Filing Nos. 56, 57, and 59). Filing No. 56 relates to a subpoena served upon Robert True, Jr. (True), for his attendance at trial and for the production of various documents. Filing No. 57 relates to a subpoena served upon Kathryn J. Derr (Derr) for her attendance at trial and for the production of various documents. Filing No. 59 relates to a subpoena served on the law firm of Parsonage Vandernack Williams, LLC (PVW), served upon PVW for the attendance of a custodian of records and the production of various documents. The undersigned held a hearing on the motions on March 27, 2012. Jacobs was present with his counsel, Steven J. Lefler. Derr was present and represented herself. Kirk E. Goettsch was present representing PVW. Assistant U.S. Attorney Douglas R. Semisch was present representing the United States.

Jacobs is charged in an Indictment with six counts of wire fraud in violation of 18 U.S.C. § 1343 relating to an alleged scheme to defraud a sign manufacturing business in Omaha, Nebraska, Vital Signs Unlimited, Inc. (Vital Signs). Essentially, the Indictment charges Jacobs with unauthorized withdrawal of funds from the accounts of Vital Signs during the period of July 2006 through February 2009 and transferring such funds to accounts Jacobs controlled for his own use. The Indictment further charges Jacobs with making false entries in the books and records of Vital Signs to accomplish the scheme to defraud. The Indictment charges six separate substantive counts involving wire transfers transmitted from Omaha, Nebraska, to a bank account in Illinois controlled by Jacobs. The

Indictment alleges Jacobs obtained $1,401,768.57 by means of the alleged scheme to defraud.

During the hearing, Mr. Lefler argued Jacobs will present evidence that True and others, not Jacobs, misused the funds of Vital Signs. Mr. Lefler argued Jacobs infused funds into Vital Signs and was entitled to conduct the transactions he made. Mr. Lefler presented a shareholder subscription agreement and asserted such agreement entitled Jacobs to receive various documents.

### Motion to Quash by PVW (Filing No. 59)

During the hearing, Mr. Goettsch stated, categorically, that PVW had no records which were specified in the subpoena duces tecum to PVW and argued that Jacobs' motion to require PVW's custodian of records to attend the trial was an act of futility. Mr. Lefler agreed. Accordingly, PVW's motion to quash (Filing No. 59) will be granted in toto.

### Motion to Quash by Derr (Filing No. 57)

Derr objects to the production of any of the records set forth in the subpoena as being covered by the attorney client privilege or work product in her capacity as an attorney for Vital Signs. It is clear that Jacobs was no longer employed in any capacity with Vital Signs after February 9, 2009. Jacobs has no authority to waive the attorney client privilege between Derr and Vital Signs as a former employee. However, as to documents requested in paragraphs 1 through 6 of the subpoena duces tecum, if any of those documents exist which are directed to or are from Jacobs, they shall be produced. The production of the balance of such documents in paragraphs 1 through 6 shall be quashed. Furthermore, Derr shall be available to testify at time of trial along with any documents that consist of the following which are set forth in paragraph 7 of the subpoena duces tecum to Derr: "*Any and all notes/files/memos, etc. (sic), memorializing meetings involving or concerning Cal Jacobs from 2004 till the end of 2012.*" These documents will be made available in camera to the trial judge at the time of trial to determine whether or not such documents may be disclosed during the trial.

**Motion to Quash by True (Filing No. 56)**

A civil case has been ongoing in the Sarpy County District Court for some time. During this case, A VitalSigns Unlimited, Inc. v. Calvin Jacobs, case no. C109-2087, numerous documents have been produced to each side. True asserts that documents requested in paragraphs 9, 10, 13, and 16 of the subpoena duces tecum have been provided to Jacobs in the Sarpy Count civil suit. Documents in paragraph 4 of the subpoena duces tecum for the period of October 2005 to March 2009 have been provided to Jacobs. Documents in paragraph 5 of the subpoena duces tecum for the years of 2005 through 2009 have been provided to Jacobs. Documents in paragraph 8 of the subpoena duces tecum for the period of June 2005 through March 2009 have been provided to Jacobs. Since Jacobs' period of employment with Vital Signs spanned the period of October 25, 2005, to March 9, 2009, the balance of the documents sought in paragraphs 4, 5 and 8 are irrelevant to the criminal case and would cause an undue burden upon the witness, True. Accordingly, the motion to quash the production of the documents set forth in paragraphs 4, 5, 8, 9, 10, 13, and 16 will be granted.

In a previous hearing in January of this year regarding the production of documents pre-trial pursuant to Fed. R. Civ. P. 17(c), Jacobs was ordered to provide specifics of any such documents not produced in the mass of documents produced in the Sarpy County civil suit. He has failed to delineate those. I find the subpoena duces tecum unduly burdensome to the witness at this date and of questionable relevance to the trial of this case. Accordingly, such requests will also be quashed.

The subpoena for True to testify as a witness in this criminal proceedings shall remain in effect. The request to quash the production of documents as set forth above will be granted.

**IT IS SO ORDERED.**

**ADMONITION**

Pursuant to [NECrimR 59.2](NECrimR 59.2) any objection to this Order shall be filed with the Clerk of the Court **within five (5) days** after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any

objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 28th day of March, 2012.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge